OPINION
{¶ 1} Anthony Franklin was indicted on seven counts of felonious assault. All seven counts carried repeat violent offender specifications and six of the seven counts carried firearm specifications. Franklin was also indicted on one count of aggravated burglary and one count of kidnapping. Each of these counts carried repeat violent offender and firearm specifications. Franklin was also indicted on one count of having weapons under disability.
 {¶ 2} Pursuant to plea negotiations, Franklin pleaded no contest to three counts of felonious assault and their firearm specifications, the single count of aggravated burglary and its firearm specification, and the single count of having weapons under disability. The State dismissed the remaining charges and specifications. The trial court found Franklin guilty and, after receiving a presentence investigation report, sentenced Franklin to an agreed upon sentence of seventeen years.
 {¶ 3} Franklin filed a notice of appeal and counsel was appointed to prosecute the appeal. On April 29, 2002, appointed appellate counsel filed an Anders brief pursuant to Anders v. California (1967),386 U.S. 738, wherein he indicated that in his judgment there were no meritorious issues to raise on appeal. On May 3, 2002, by decision and entry, we notified Franklin that his counsel had filed an Anders brief and we invited Franklin to file a pro se brief within sixty days of our decision and entry.
 {¶ 4} Franklin has filed a pro se brief and attached a copy of what appears to be a report of an investigator working for Franklin's counsel. The report is dated October 21, 2001, which was ten days before Franklin entered his no contest pleas.
 {¶ 5} The report stated in part that the investigator had interviewed a Mark Montgomery, who was a witness to an exchange of gunfire between Franklin and Gregory Kilgore, the alleged felonious assault victim in Count 3 of the indictment, which was dismissed. Montgomery told the investigator that Kilgore fired once after Franklin fired at him and that Franklin then fired several more shots at Kilgore as Kilgore ran away. The gunfire followed Franklin's arguing with Marquetta Lackey, the alleged felonious assault victim in Count 2, which was also dismissed.
 {¶ 6} The investigator noted that although the police report said that Montgomery had given the police a statement, it hadn't been turned over to defense counsel during discovery. The investigator also noted that the police report stated at page 1 that seven 45 caliber shell casings had been found at the scene, whereas at page 3 the report states eight 45 caliber shell casings had been found.
 {¶ 7} The investigator speculated that perhaps the prosecution had not turned over Montgomery's statement in discovery "because it wouldn't help their case" and reported that Montgomery had said that the police should have known one of the casings was from a different gun.
 {¶ 8} Franklin asserts that the State violated Brady v. Maryland
(1963), 373 U.S. 83, and that "had (he) known that this information was available, (he) would not have taken the Plea."
 {¶ 9} In response, the State first argues that the investigator's report is not part of the record on appeal and may not be considered by the court in this direct appeal. The State relies on State v. Ishmail
(1978), 54 Ohio St.2d 402 which states:
 {¶ 10} "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."
 {¶ 11} The State is correct.
 {¶ 12} The State has also responded on the merits, claiming that even assuming the truth of the content of the investigator's report, there was no Brady violation because Montgomery's statement only pertained to the second and third counts of the indictment (Lackey and Kilgore), both of which were dismissed. In other words, Montgomery's statement was not material either to guilt or to punishment as to the counts to which Franklin pleaded no contest.
 {¶ 13} We are not prepared to hold categorically that, simply because information subject to disclosure under Brady does not relate to charges to which a defendant ultimately pleads guilty or no contest, there can be no Brady violation. As both parties acknowledge, the test ofBrady materiality is whether there exists a reasonable probability that the result would have been different had the evidence been disclosed to the defense. State v. LaMar (2002), 95 Ohio St.3d 181, 187,2002-Ohio-2128. We can certainly picture a situation involving multiple charges where a defendant would not plead guilty or no contest to certain charges in return for the dismissal of other charges were he made aware of favorable evidence on the charges to be dismissed.
 {¶ 14} Having said this we hasten to add that this is not such a case.
 {¶ 15} First, discussion of this assignment of error is purely academic because it is premised on information that is not part of the record on appeal.
 {¶ 16} Second, and assuming arguendo that the investigator's report were part of the record, it is not evident that there is a reasonable possibility that Franklin would have chosen to act differently than he did. The investigator's report was addressed to Franklin's trial counsel and there is no reason to believe that Franklin's counsel did not have the benefit of this report before advising Franklin with respect to plea negotiations. Indeed, it is impossible to discern — and Franklin provides no enlightment — how the information in the report would have caused Franklin to reject the negotiated plea he agreed to.
 {¶ 17} Franklin's pro se assignment of error, on this record on appeal, is utterly lacking in merit and is overruled.
 {¶ 18} Pursuant to our responsibilities under Anders, we have undertaken an independent review of the record on appeal and having done so, we conclude as did appointed appellate counsel, that there are no arguably meritorious issues for appellate review. The judgment of conviction will be affirmed.
BROGAN, J. and FAIN, J., concur.